# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  58632-1-II |
| Respondent, | |
| v. | |
| D'ANTHONY LESLIE WILLIAMS, | |
| Appellant. | |
| In the Matter of the Postsentence Review of: | No.  59102-2-II |
| D'ANTHONY LESLIE WILLIAMS, | UNPUBLISHED OPINION |
| Petitioner. | |

PRICE, J. – D'Anthony L. Williams appeals the sentence imposed following his sentence for aggravated first degree murder committed when he was 19 years old.  Separately, the Department of Corrections (DOC) has filed a petition for post-sentence review, arguing that the sentence imposed by the superior court was not authorized by law.  The two cases were consolidated.

No. 58632-1-II
(Consolidated with No. 59102-2-II)

Based on a recent case from our Supreme Court, *State v. Carter*,[1] the sentence imposed by the superior court was not authorized by law. Accordingly, we remand to the superior court for resentencing.[2]

FACTS

In November 2020, a jury found Williams guilty of multiple crimes including aggravated first degree murder with a firearm sentencing enhancement. Williams was 19 years old at the time of the murder. *State v. Williams*, No. 55269-8-II, slip op. at 2 (Wash. Ct. App. Aug.2, 2022) (unpublished).[3] The trial court sentenced Williams to life without the possibility of parole.

On appeal, this court affirmed most of Williams' convictions. *Williams*, slip op. at 14. However, based on our Supreme Court's opinion in *Monschke*,[4] this court reversed Williams' aggravated first degree murder sentence and remanded for resentencing. *Id.* at 13-14.

Following a resentencing hearing, the superior court imposed an indeterminate sentence with a minimum term of 50 years and a maximum term of life for the aggravated first degree murder.

---

[1] 3 Wn.3d 198, 548 P.3d 935 (2024).

[2] Williams raises several challenges to his sentence including that the superior court failed to properly consider the mitigating factors of youthfulness and that his constitutional right to be free from restraint was violated. Because remand for resentencing is necessary, we do not address Williams additional challenges to his sentence.

[3] https://www.courts.wa.gov/opinions/pdf/D2%2055269-8-II%20Unpublished%20Opinion.pdf.

[4] *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021).

No. 58632-1-II
(Consolidated with No. 59102-2-II)

ANALYSIS

Williams appeals the sentence imposed for aggravated first degree murder. DOC is also petitioning for review of the sentence arguing that an indeterminate sentence is not authorized in this case. The State agrees that an indeterminate sentence is not a statutorily authorized sentence. We agree.

RCW 10.95.030(1) provides, "[A]ny person convicted of the crime of aggravated first degree murder shall be sentenced to life imprisonment without possibility of release or parole." In *Monschke*, our supreme court held that this statute was unconstitutional as applied to 18-, 19-, and 20-year-old offenders because it made life without parole sentences mandatory without considering the mitigating factors of youth. 197 Wn.2d at 326.

Recently, in *State v. Carter*, our Supreme Court addressed what sentence is currently authorized under RCW 10.95.030 for 18-, 19-, and 20-year-old offenders. *See* 3 Wn.3d at 212. Ultimately, our Supreme Court determined that the mandatory language in RCW 10.95.030 must be severed and, as a result, the authorized sentence for 18-, 19-, or 20-year-olds convicted of aggravated first degree murder is life without parole or "anything less" than life without parole. *Id.* at 219. In other words, our Supreme Court has held that the constitutional, statutorily authorized aggravated first degree murder sentence for 18-, 19-, or 20-year-old offenders is a *determinate* sentence within the range of zero months to life without the possibility of release. *Id.* at 216.

Here, the superior court imposed an *indeterminate* sentence with a minimum term of 50 years and a maximum term of life. But based on our Supreme Court's analysis and holding in

3

*Carter*, an indeterminate sentence with a minimum term and a maximum term is not currently authorized under RCW 10.95.030. Because the superior court imposed a sentence that was not authorized by statute, we reverse Williams' sentence for aggravated first degree murder and remand for resentencing.[5]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

MAXA, J.

---

[5] We do not take the decision to remand for resentencing lightly. We recognize that sentencing hearings, like this one, can be lengthy and demanding hearings that are difficult on the participants and family members of those involved. Further, multiple resentencing hearings can deprive the victim's family of a sense of finality. Nevertheless, in situations like this one, when the sentencing court was in the unfortunate position of making its sentencing decision without the benefit of later-decided case law, resentencing is necessary to ensure a sentence that is authorized by law.